### NEUMAN v. VULCAN MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. October 3, 1916.)

MASTER AND SERVANT ⊂⊃234(4)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE OF SERVANT.

> Plaintiff, a machinist of long experience, was directed to make a die and punching apparatus for insertion in a machine operated by compressed air. When the machine was in operation it was suspended from a crane, but when the repairs were directed to be made it had been lowered to the floor and rested on blocks against a pillar. Though not directed, plaintiff, after inserting the die and punching apparatus, turned on the air to see whether the machine was in proper working order. The movement of the machine caused it to fall and injure plaintiff. *Held* that, in view of plaintiff's knowledge, he was guilty of contributory negligence, and could not recover; the master not having directed him to operate the machine and not being liable, either under the common law or the Wis-

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

consin safe place statute (St. Wis. 1915, § 2394—48), the machine being safe as it stood on the blocks, if not attempted to be operated.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 708; Dec. Dig. ☞234(4).]

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by Theodore Neuman against the Vulcan Manufacturing Company, a corporation. There was judgment for defendant, and plaintiff brings error. Affirmed.

William L. Tibbs and H. B. Walmsley, both of Milwaukee, Wis., for plaintiff in error.

Charles B. Quarles, of Milwaukee, Wis., for defendant in error. .

Before KOHLSAAT, MACK and ALSCHULER, Circuit Judges.

MACK, Circuit Judge. Writ of error to reverse a judgment for defendant rendered on a directed verdict. Plaintiff was in defendant's employ as a machinist. His duties consisted in making repairs and alterations on machinery used about the plant.

On the day of the accident, plaintiff was directed by the superintendent to make a die and punching apparatus which was to be inserted in the open end of a large horseshoe-shaped machine to replace a riveting apparatus. The method of operating this machine for punching or riveting purposes was to suspend it from a crane attached to the upper side by which it would be moved to some place convenient for operating it. Compressed air would be then applied through a tube connected with a cylinder in horizontal position attached to the lower side. This operated a piston at the other end of which was a toggle joint connected with the moving part of the die or riveting apparatus, whichever happened to be inserted in the machine for the time being. When the machine was not in use, it was lowered to the floor and rested on blocks against a pillar.

Plaintiff had never been engaged in operating the machine, but on completion of the die and punching apparatus he fitted it to the machine and, without being specifically directed thereto, prepared to ascertain whether it was in proper working condition. He found the machine not in use, but set on blocks and leaning against a pillar. After inserting the die and punching apparatus in the open end of the machine, he attached the compressed air tube to the nearest compressed air supply pipe, but without first suspending the contrivance on a crane. The immediate motion of the piston and toggle joint against the blocks caused the machine to fall over on the plaintiff, injuring him severely.

Plaintiff knew that it was the uniform practice to lower the contrivance when it was not in use, and that the machine was designed for operation only when suspended on a crane, and not when resting on the floor. He testified, further, that when he desired to test it out he could have put it into operation in the usual manner, namely, by first suspending it. Neither the superintendent nor anybody else in author-

ity ordered or permitted him to test the die and punching apparatus by operating the machine while it was resting on the blocks, or knew that he was thus testing it. There is no basis in the evidence for a finding that defendant failed either in its common-law duty of exercising reasonable care to provide a reasonably safe place to work or, in view of the nature of plaintiff's employment, in its duty under the Wisconsin safe place statute to make the employment and place of employment as safe as the nature of the employment would permit, or that there was negligence in tilting the machine against a column when not in use.

The machine was in a secure position while at rest, and plaintiff knew or should have known as a machinist of 23 years' experience, that he could not operate the machine in the position in which he found it without probable danger to himself. In our judgment, the only conclusion that could reasonably be drawn from the evidence is that the fall of the machine and the resulting injuries to plaintiff were proximately due solely to his negligence in attempting to operate the machine in the position in which it was at the time the accident occurred. While plaintiff had never seen the contrivance in operation when it rested on the blocks, but only when suspended, it must have been perfectly apparent to this experienced machinist that the application of compressed air to the cylinder in this position might well—indeed probably would—cause the piston to move the toggle joint against the blocks and thereby cause the machine to move or fall over. He negligently took his chances.

Under the common law and the statutes then in force, the burden of loss due to injuries thus occasioned are on the worker, and not on the industry. As there was no error in directing the verdict for defendant, we need not consider the defense of the release.

Judgment affirmed.